**Cite as: Opinion No. 95-048 (November 8 , 1995)**
**(unpublished)**

**BI-COUNTY AGENCIES — MUNICIPALITIES — BOUNDARIES OF METROPOLITAN DISTRICT DO NOT CHANGE WHEN MUNICIPAL BOUNDARIES CHANGE**

November 8, 1995

The Honorable Nathaniel Exum
House of Delegates

You have requested our opinion whether changes in municipal boundaries in Prince George's County have the effect of altering the boundaries of the Metropolitan District. Our opinion is that changes in municipal boundaries do not alter the boundaries of the Metropolitan District as they have been set by statute.

# I

## Background

The area included in the Metropolitan District in Prince George's County is defined by Article 28, §3-102 of the Maryland Code. The District covers the entire County except the Nottingham and Aquasco Election Districts (Districts 4 and 8), and the cities of Laurel, Greenbelt, and District Heights.

In 79 *Opinions of the Attorney General* ___ (1994) [Opinion No. 94-034 (July 1, 1994)], we considered whether changes in election districts in Prince George's County would have the effect of altering the boundaries of the Metropolitan District. We concluded that they would not, deriving this conclusion from the language of the statute and its history. Specifically, we noted that changes had always been made by amendments to the statute and that the statute contained no mechanism for the boundaries to be altered in any other way. In our view, these facts indicated that the Legislature did not intend the County Council to have the power to make substantial changes in the Metropolitan District.

# II

## Analysis

The same arguments support the conclusion that the boundaries of the Metropolitan District do not change when municipal boundaries change. The exception for the City of Laurel

was added in 1965 when the Metropolitan District was expanded to include the Laurel Election District (District 10).  Chapter 880, Laws of Maryland 1965.  In 1969, this provision was amended to specify that the excepted area was to include the area annexed by the City of Laurel on April 1, 1968.  Chapter 288, Laws of Maryland 1969.  If the boundaries of Metropolitan District automatically changed when city boundaries changed, the language added in 1969 would have been unnecessary.  Since statutory language should not be given an interpretation that renders some of it superfluous, *Rose v. Fox Pool Corp.*, 335 Md. 351, 359, 643 A.2d 906 (1994), this amendment indicates that the statute should not be read to allow municipal boundary changes to affect the Metropolitan District.

Furthermore, annexation is a power that may be exercised by any municipality in the State.  Article 23A, §19(a).  However, as we concluded in our earlier opinion, the law concerning the Metropolitan District and its history indicate that the Legislature intended that changes in the boundaries of the District be made by legislation.  Article 28 gives no more power to municipalities in this matter than it does to county councils.

### III

### Conclusion

In summary, it is our opinion that references to municipalities in Article 28 refer to the boundaries of those municipalities as they existed at the time of enactment.  Therefore, subsequent changes in those boundaries do not alter the boundaries of the Metropolitan District.

J. Joseph Curran, Jr.
*Attorney General*

Kathryn M. Rowe
*Assistant Attorney General*

Jack Schwartz
*Chief Counsel*
 *Opinions & Advice*